PEOPLE *ex rel.* COHN *v.* RICE, Secretary of State.

*(Supreme Court, Special Term, New York County. October 27, 1890.)*

ELECTIONS AND VOTERS—CERTIFICATE OF NOMINATION.

Laws N. Y. 1890, c. 262, § 5, provides that a certificate of nomination shall be signed by at least 250 voters when the nomination is for an office to be filled by the voters of a district less than the state, greater than the county, or by the voters of a county or city; and further provides that "when the nomination is for an office to be filled wholly or in part by the voters of only a portion of said city and county of New York, or the said county of Kings, or the said city of Brooklyn, less than the whole, such number shall not be less than one hundred." *Held,* that a certificate of nomination for the fourteenth congressional district comprising all of Westchester county, and the twenty-fourth assembly district of New York city, need be signed by only 100 voters.

At chambers. Application by Ernest Cohn for writ of *mandamus* against Frank Rice, secretary of state.

*John Pennel,* for petitioner.        *Charles F. Tabor,* Atty. Gen., for Secretary of State.

INGRAHAM, J. The only question involved in this application is a construction of section 5 of the ballot act of 1890. A certificate of nomination of one Frederick Bennet for representative in congress for the fourteenth congressional district, signed by upwards of 100 voters residing in the district, was sent to the respondent to be filed, but was returned to the relator on the ground that under the section of the ballot act before mentioned at least 250 voters had to sign the certificate. The fourteenth congressional dis-

trict comprised the whole of the county of Westchester, and the twenty-fourth assembly district of the city of New York. The section requires that a nomination shall be signed by at least 250 voters when the nomination is for an office to be filled by the voters of a district less than the state, greater than a county, or by the voters of a county or city. This provision would include the nomination in question, were it not for a subsequent clause of the section. It is there provided, "when the nomination is for an office to be filled wholly or in part by the voters of only a portion of said city and county of New York, or the said county of Kings, or the said city of Brooklyn, less than the whole, such number shall not be less than one hundred." The language here used is exceedingly involved, and the meaning obscure, but a careful examination has satisfied me that the nomination in question is included within the provisions above cited. The nomination is certainly for an office to be filled "in part by the voters of a portion of said city and county of New York." The portion of New York that is included within the district for which the member of congress is elected may be small in comparison with the rest of the district, and it is certainly remarkable that if Westchester county alone constituted the congressional district, 250 voters would be required to nominate a candidate, when, if to Westchester county there is added a part of the city of New York, 100 voters would suffice. Still, the law so provides, and all we have to do is to ascertain the intention of the legislature, and give effect to such intention. The motion must therefore be granted.